No. 62,983

DOUGLAS SAMSEL, *Plaintiff*, v. WHEELER TRANSPORT SERVICES, INC., DON C. HILGENFELD, and GREAT WEST CASUALTY COMPANY, *Defendants*.

(771 P.2d 71)

Opinion filed March 30, 1989.

*Jerry R. Palmer*, of Palmer, Marquardt & Snyder, P.A., of Topeka, argued the cause and was on the briefs for the plaintiff.

*Edwin Dudley Smith*, of Fisher, Patterson, Sayler & Smith, of Topeka, and *Steve R. Fabert*, of the same firm, argued the cause and were on the briefs for the defendants.

*G. Gordon Atcheson*, of Shamberg, Johnson, Bergman & Morris, Chartered, of Overland Park, was on the brief *amicus curiae* for the Kansas Trial Lawyers Association.

The opinion of the court was delivered by:

MILLER, C.J.: This action for damages for personal injury arose out of a motor vehicle collision which occurred on May 16, 1988, in Riley County, Kansas. There being diversity of citizenship, the action was commenced in the United States District Court for the District of Kansas. Among the claims of plaintiff is a claim for damages for pain and suffering.

The 1987 Kansas Legislature enacted L. 1987, ch. 217, § 1, later codified as K.S.A. 1987 Supp. 60-19a01. That statute was in effect at the time of the collision. It provides:

"(a) As used in this section, 'personal injury action' means any action for damages for personal injury or death, except for medical malpractice liability actions.

"(b) In any personal injury action, the total amount recoverable by each party from all defendants for all claims for pain and suffering shall not exceed a sum total of $250,000.

"(c) In every personal injury action, the verdict shall be itemized by the trier of fact to reflect the amount awarded for pain and suffering.

"(d) If a personal injury action is tried to a jury, the court shall not instruct the jury on the limitations of this section. If the verdict results in an award for pain and suffering which exceeds the limit of this section, the court shall enter judgment for $250,000 for all the party's claims for pain and suffering. Such entry of judgment by the court shall occur after consideration of comparative negligence principles in K.S.A. 60-258a.

"(e) The provisions of this section shall not be construed to repeal or modify the limitation provided by K.S.A. 60-1903 and amendments thereto in wrongful death actions.

"(f) The provisions of this section shall apply only to personal injury actions which are based on causes of action accruing on or after July 1, 1987."

The statute was amended in 1988, limiting its application to causes of action accuring between July 1, 1987, and July 1, 1988. See L. 1988, ch. 216, § 2, codified as K.S.A. 1988 Supp. 60-19a01.

The question certified to this court by Chief Judge O'Connor is:

"Does K.S.A. [1987 Supp.] 60-19a01 violate the Kansas Constitution, including sections 5 and 18 of the Kansas Bill of Rights?"

A majority of this court has determined that the answer to the certified question is no. Neither the original nor the amended version of 60-19a01 violates the Constitution of the State of Kansas.

Because of the widespread interest and statewide effect of the court's determination of this question, we announce our decision in this brief opinion. A formal opinion expressing the views of the members of the court will be filed when it is prepared.

HERD and ALLEGRUCCI, JJ., dissenting.